IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. FRENCH,<br>PLAINTIFF, | §<br>§<br>§ | |
| v. | § | CIVIL CASE NO. 3:21-CV-445-C-BK |
| | § | |
| AMERICAN AIRLINES, INC. AND<br>TRANSPORT WORKERS UNION,<br>DEFENDANTS. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, before the Court for findings and a recommended disposition is *Defendant Transport Workers Union's Motion to Dismiss Complaint*. Doc. 8. For the reasons that follow, the motion should be **GRANTED**.[1]

I. PROCEDURAL HISTORY

Plaintiff filed this *pro se* action in March 2021 in which he appears to allege Defendants committed a breach of contract—namely, a collective bargaining agreement ("CBA") between American and the Transport Workers Union ("the Union")—in relation to a variety of grievances he filed in August 2005. Doc. 3 at 1; *see also* Doc. 4, *passim* (Plaintiff's "Breach of Contract/Collective Bargaining Agreement" filing). Plaintiff's complaint is only one page long but he attaches to it, *inter alia*, a complaint he previously filed in this district raising similar allegations against (1) American, his former employer; and (2) American's workers' compensation carrier New Hampshire Insurance Company. *See* Doc. 3 at 6-13; *French v. New*

---

[1] Plaintiff did not serve Defendant American Airlines, Inc. ("American") with his complaint. Nevertheless, the allegations against both Defendants are subject to the same analysis, and dismissal of this case should include the claims against American as well.

*Hampshire Ins. Co., et al.*, No. 17-CV-2612-B-BK, 2018 WL 1955283 (N.D. Tex.) (the "'2612

Case"). There, Plaintiff alleged that after he suffered a workplace injury, American misled him

regarding how and when to file his multiple grievances. 2612 Case, Doc.# 3 at 6. Plaintiff sought

more than $14 million in damages and requested that the court "grant" his grievances against

American. 2612 Case, Doc. #3 at 10-11.

The court dismissed the '2612 Case for lack of subject matter jurisdiction because Plaintiff

was essentially seeking review of the numerous state court judgments denying his Texas worker's

compensation claim. '2612 Case, Doc. #84 at 5; Doc. #89. Additionally, given the plethora of

similar actions Plaintiff had previously filed, the Court warned him that if he persisted "in filing

frivolous, baseless or duplicative cases, or actions over which the Court lacks subject matter

jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further

action." Doc. #90 at 5. The Union now moves to dismiss Plaintiff's case pursuant to Rules

12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 8; Doc. 9 at 3.

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter

jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction,

without which they lack the power to adjudicate claims. *Stockman v. Federal Election Comm'n*,

138 F.3d 144, 151 (5th Cir. 1998). "A case is properly dismissed for lack of subject matter

jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."

*Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (internal quotation marks and

citation omitted). Where subject matter jurisdiction is challenged, the party asserting jurisdiction

"constantly bears the burden of proof that jurisdiction does in fact exist." *Raj v. Louisiana State

Univ.*, 714 F.3d 322, 327 (5th Cir. 2013). Courts may dismiss for lack of subject matter

jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented with undisputed facts plus the court's resolution of disputed facts. *Clark v. Tarrant County, Texas*, 798 F.2d 736, 741 (5th Cir. 1986)

Concomitantly, a plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

## III. ANALYSIS

As relevant here, the Union argues Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because his claims are preempted by the Railway Labor Act ("the RLA"). Doc. 9 at 2, 5-7. Plaintiff largely reiterates the merits of his complaint in his response to the Union's motion to dismiss. Doc. 15, *passim*. Although the Union raises other bases for dismissal, the Court first addresses the court's subject matter jurisdiction. *See Sangha v. Navig8 Ship Mgmt. Priv. Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (noting that federal courts generally address subject matter jurisdiction first and reach other issues first only where the jurisdictional issue is "difficult to determine" and the other grounds are relatively "less burdensome.").

The purpose of the RLA is "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). The RLA establishes mandatory processes for two separate classes of disputes: major disputes and minor disputes. *Id.* at 252-53. A major dispute concerns

3

"rates of pay, rules or working conditions" involved in the formation or modification of collective bargaining agreements. *Id.*; *see also Elgin, J. & E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945) (stating that a major dispute arises where there either is no CBA or where changes to an existing CBA are sought; major disputes "look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past."). On the other hand, minor disputes concern "either the meaning or proper application of a particular [CBA] provision with reference to a specific situation or to an omitted case." *Elgin, J. & E. Ry. Co.*, 325 U.S. at 723. In an omitted case, the worker's claim arises incidentally in the course of employment. *Id.*

Here, Plaintiff appears to claim that Defendants violated the CBA by mishandling his workplace injury grievances. This puts Plaintiff's claims firmly in the minor dispute category. *Id.* Yet, minor disputes "must be resolved only through the RLA mechanisms, including the carrier's internal dispute-resolution processes and an adjustment board established by the employer and the unions." *Hawaiian Airlines, Inc.*, 512 U.S. at 253 (citations omitted). Indeed, the RLA vests the adjustment board with exclusive jurisdiction over minor disputes. *See Brown v. Am. Airlines, Inc.*, 593 F.2d 652, 654 (5th Cir. 1979) (holding that "the [Adjustment] Board has exclusive jurisdiction over 'minor' disputes") (footnote omitted). A determination that a worker's complaint is a minor dispute preempts a private cause of action. *Id.* Accordingly, because Plaintiff's claims amount to minor disputes, this case is not properly before the Court and should be dismissed without prejudice for lack of subject matter jurisdiction. *Verret v. Elliot Equip. Corp.*, 734 F.2d 235, 238 (5th Cir. 1984) ("[D]ismissal for lack of subject matter jurisdiction in federal court is *not* on the merits and therefore is not with prejudice with regard thereto.") (emphasis in original).

## IV. LEAVE TO AMEND

"As a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, the court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009)). Here, while Plaintiff has not previously amended his complaint, no amendment can overcome the fatal infirmities discussed above. Thus, granting leave to amend would be futile and only cause needless delay. *See generally McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## V. SANCTIONS

As indicated above, Plaintiff has filed a plethora of administrative, state, and federal cases regarding essentially the same subject matter at issue here. *See French*, 2018 WL 1955283 at *2-3 (collecting cases). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); FED. R. CIV. P. 11(b)(2), (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Put bluntly, *pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). In fact, more than a decade ago, a Utah federal district court ("the Utah Court") enjoined Plaintiff from filing any new *pro se* cases related to this same subject matter absent prior permission from the court's chief judge. *French v. Am. Airlines, Inc., et al.*, No. 2:10-CV-000527-DB, 2010 WL 4860374, at *1 (D. Utah Nov. 23, 2010).

Given the frivolous nature of the claims Plaintiff has asserted in this case, his filing of prior similar actions across multiple forums, and the court's warning in the '2612 Case, the Court should now impose sanctions against Plaintiff in the form of a pre-filing injunction as follows:[2]

The Court ORDERS that Michael J. French is enjoined from filing any action in this Court that directly or indirectly relates to his December 20, 2004 workplace injury without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed *pro se*. To do so, he must present the following documents:

1. A "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action." Mr. French shall attach a copy of this Order to the Petition. The Petition shall include a list of all lawsuits and appeals in federal court and state court in which Mr. French is or was a party; the name and citation of each case; and the status or disposition of each case. The Petition shall also contain Mr. French's current mailing address; and

2. A copy of the complaint or claims sought to be filed with the court and the applicable filing fee. The complaint must comply with the Federal Rules of Civil Procedure and all applicable local court rules.

Mr. French shall present these documents to the Clerk of the Court who shall forward them to the Court for review. In determining whether to allow Mr. French to proceed *pro se*, the Court shall consider whether Mr. French has fully complied with this Order; whether the complaint complies with the Federal Rules of Civil Procedure and all applicable local court rules; whether the complaint is frivolous, abusive, harassing, or malicious; and whether the claims have been previously raised and disposed of by any federal or state court. If the Court enters an order granting the Petition, the Clerk shall file the complaint as of the date of the order. If the court does not approve the Petition, the Clerk will return the complaint, associated material, and filing fee to Mr. French via U.S. Mail to the address he provides.

---

[2] This language substantially mirrors that of the Utah Court's order. *French*, 2010 WL 4860374, at *1.

## V.    CONCLUSION

For the foregoing reasons, the *Motion to Dismiss*, Doc. 11, should be **GRANTED**. This action will render all remaining motions moot.

**SO RECOMMENDED** on January 31, 2022.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).